## Divine v. Divine.

(Decided March 23, 1926.)

### Appeal from Allen Circuit Court.

1. Vendor and Purchaser—Evidence Held Insufficient to Show Defendant had Purchased Property Sought to be Recovered, or that She was Entitled to Payment for Improvements.—In action to recover realty, evidence held insufficient to show that payments to plaintiff were made in part payment for property, or that defendant, plaintiff's daughter-in-law, was entitled to recover value of improvements not shown to exceed in value rent of premises during nine years' possession.

2. Compromise and Settlement—Alleged Settlement Between Defendant's Husband and Plaintiff Suing to Recover Realty After Separation of Defendant and Her Husband Held Not Binding on Defendant.—In father-in-law's suit to recover realty of daughter-in-law after separation of plaintiff's son and defendant, alleged

settlement, made by father and son after the separation, was not binding on defendant.

N. F. HARPER for appellant.

W. D. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is a suit to recover real property. The defense is a counterclaim of title under possession; and amelioration for the erection of lasting and valuable improvements under a parol agreement to purchase. Judgment was rendered for plaintiff, subject to a lien of $800.00 for improvements. Plaintiff appeals.

The defendant, Amy Divine, is the wife of W. L. Divine, son of appellant, J. W. Divine. In the year 1915 she and her husband, at the instance of appellant, moved into the house in question. It was then owned by C. E. Divine, another son of appellant, but was later purchased by appellant. It is admitted by appellant that subsequently he agreed with his son and his wife that they might purchase this property for $800.00 if they found they were able to take it, and the weight of the evidence indicates a parol agreement to sell the property at this price. At any rate W. L. Divine and wife continued to occupy the property until some time in the year 1922, when they separated and appellee procured an indictment against her husband for failure to support their children. He was convicted on this charge but released on his promise to pay them $25.00 per month. Bond was executed for this to secure the payments for a year. This was signed by J. W. Divine, who paid $275.00 upon it and later brought this suit against his daughter-in-law, who is now claiming a joint right with her husband to the property in question. She produces her husband's checks to his father for the respective sums of $85.00, $100.00 and $113.50, and testifies that these were paid on the purchase price of the property. She further testifies that she and her husband paid over $2,000.00 in making improvements upon the property, but fails to itemize these accounts. Other witnesses testify that the property is now worth from $2,000.00 to $2,500.00, and that, considering the high prices which prevailed during the war at the time of these improvements, they must have cost from $1,000.0 to $1,400.00.

On the other hand, appellant filed (1) a note for $400.00 executed by appellee and her husband to him in October, 1913, upon which there is a credit of $150.00. (2) A note of $40.00 executed to him by appellee on December 17, 1917, no credits appearing thereon.   (3) A memorandum of money furnished appellee in February, 1918, amounting to $20.00.   (4) Note executed to him by W. L. Divine on the 9th of November, 1921, for $100.00. (5) A note executed to him by W. L. Divine and Lester Walker in August, 1922, for $625.00. (6) A note executed to Dr. Graves for $26.00 in April, 1923, signed by him as surety for W. L. Divine, and which he claims to have paid.   He further testifies that he furnished appellee and family $160.00 in groceries for which he has no bill, and that he paid $275.00 on the bond as above indicated.   He also testifies that the various checks given him by his son and testified to by appellee were not intended as payments on the place, but as payments on various transactions existing between them; that the parties never paid any rent or paid anything as purchase money on the property in question; that his son was working in the oil business and he was assisting him and advancing him money from time to time, and that such improvements as he made were made in lieu of rent on the property; he also testifies that after the separation his son and he settled the matter relating to this property by setting off the rent against the value of the improvements, and in support of this files an itemized statement, which he testifies was given to him by his son, in which the entire cost of the improvements are placed at $667.24, this being accompanied by invoices from materialmen itemizing their claims.   He fixed the rental value of the property at $10.00 per month during the nine years appellee was in possession, and the value of the property at around $1,200.00.   Other witnesses on his behalf estimated the value of the property in its present condition at from $1,000.00 to $1,400.00, though, strange to say, none of the witnesses on either side testify as to the enhanced value by reason of the improvements.   Taking the evidence in its entirety, it is hardly reasonable to assume that the checks paid appellant by W. L. Divine were intended as a payment on the property.   It is more likely that they were paid on the unsecured claims due the father and there is no satisfactory evidence to the contrary.   The settlement made with the father after separation of the

parties is not conclusive upon appellee, but the items of cost embraced in it are not clearly controverted. It will not be overlooked that this property was valued at $800.00 in 1915, before any improvements or inflation of prices. While urban property may be lower today than during the war period, the general level of prices is considered higher than in 1915, and it is fair to assume that this property should have had some natural increase in value. Just how much it is worth today it is difficult to ascertain, but it does not appear that any rent was paid thereon, and the enhancement in value by reason of the improvements must exceed such rental value for appellee to recover anything. It is shown that during a part of the time there was a boom in the Allen county oil fields, that houses were in much demand and rents were high. Appellant fixes this value at $10.00 per month for the entire period. This does not sound unreasonable, but if it is fixed at $100.00 per year, or $900.00 for the entire period, it cannot be said that this was exceeded or even equalled by the enhancement in value of the property due to the improvements. It is a pity for appellee to thus suffer, but there is no legal obligation resting upon her father-in-law for her support, and no equitable principle that can be invoked in her behalf as against him.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.